**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Kevin Chan (KC 0228)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
kchan@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| MEGAN VILLELLA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:15-cv-02106-ER |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF ANTON MANDELSTAM TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| CHEMICAL AND MINING COMPANY OF CHILE INC., PATRICIO CONTESSE, PATRICIO DE SOLMINIHAC, and RICARDO RAMOS | |
| Defendants. | |

-----------------------------------------------------------X

| | |
|---|---|
| LYNN MOLINARO, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:15-cv-02884-ER |
| Plaintiff, | CLASS ACTION |
| v. | |
| CHEMICAL AND MINING COMPANY OF CHILE INC., PATRICIO CONTESSE GONZALEZ, PATRICIO DE SOLMINIHAC, and RICARDO RAMOS | |
| Defendants. | |

-----------------------------------------------------------X

1

Anton Mandelstam, ("Movant") respectfully submits this memorandum of law in support of his motion for appointment as lead plaintiff and approval of lead counsel.

## I.      BACKGROUND

This is a securities class action on behalf of purchasers of the securities of Chemical and Mining Company of Chile Inc., ("SQM" or the "Company") between March 4, 2014 and March 17, 2015, inclusive (the "Class Period,") seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The first of these actions was filed on March 19, 2015. That same day, a PSLRA early notice was issued advising potential class members of the pendency of the action and the option for class members to seek appointment as lead plaintiff.  *See* Exhibit 1, hereto.  Thereafter, another substantially similar related action was filed in this Court: *Lynn Malinaro v. Chemical & Mining Co. of Chile Inc., et al.,* No. 1:15-cv-02884-ER.  A related action was commenced in the U.S. District Court for the Central District of California styled as, *Kramer v. Chemical & Mining Co. of Chile Inc., et al.*, No. 2:15-cv-2250-DMG-AS.  Thus, Movant has filed a similar lead plaintiff motion in the Central District.

SQM is a Chilean corporation, which purports to be the world's largest producer of potassium nitrate, iodine, and lithium chemicals. The Company produces and distributes specialty plant nutrients, iodine and iodine derivatives, lithium and lithium derivatives, potassium chloride, potassium sulfate and certain industrial chemicals (including industrial nitrates and solar salt) and other commodity fertilizers. SQM products are sold in more than 115 countries through its worldwide distribution network, with 88% of sales in 2013 derived from countries outside Chile. SQM products are mainly derived from mineral deposits found in northern Chile.

The related actions allege that throughout the Class Period, SQM made false and/or misleading statements and/or failed to disclose that: (1) money from SQM was channeled illicitly to electoral campaigns for the Independent Democratic Union, Chile's largest conservative party; (2) SQM lacked adequate internal controls over financial reporting; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.  When the true details entered the market, the suit claims that investors suffered damages.

**ARGUMENT**

**II.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the above-captioned cases should be consolidated

3

pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.   15 U.S.C. §78u-4(a)(3)(B).   The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;

> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that it is the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

On March 19, 2015 pursuant to § 21D(a)(3)(A)(I) of the PSLRA, a notice of the pendency of plaintiff's case was published on *Globe Newswire* – a widely circulated national business-oriented wire service –  announcing that a securities class action had been filed against SQM and certain of its executive officers, and advising purchasers of the Company's securities that they had until May 18, 2015 to file a motion to be appointed as lead plaintiff.

Movant Anton Mandelstam files the instant motion pursuant to the published notice, and

submits herewith his sworn certification executed attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2, hereto.  Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either files a complaint or makes a motion in response to a published notice.

**B.     Movant has The Largest Financial Interest in This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."  *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant has suffered financial losses of over $40,000.  *See* Ex. 3.  Movant is not aware of any other movants that have suffered greater losses in SQM securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.     Movant Satisfies The Requirements Of**
**Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must

"otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

23(a) provides that a party may serve as a class representative if the following four requirements

are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable, (2) there are questions of law or fact common to the
> class, (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class, and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23,

the Court need not raise its inquiry to the level required in ruling on a motion for class

certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is

sufficient.  *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required).  Moreover,

"typicality and adequacy of representation are the only provisions relevant to a determination of

lead plaintiff under the PSLRA."  *Id.*, at 437.

### 1.      Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the

same event, practice or course of conduct that gives rise to other class members' claims and

plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec.*

*Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002).  Rule 23 does not require the lead plaintiff to be

identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class.  Movant, like all

members of the Class, allege that defendants violated the federal securities laws by disseminating

false and misleading statements concerning the business, operations and financial prospects of

SQM. Movant, like all of the members of the Class, purchased SQM securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### 2.  Movant is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).  Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff.  Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from its investments in SQM stock and is, therefore, extremely motivated to pursue the claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)       will not fairly and adequately protect the interest of the class; or

> (bb)       is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class.  Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class."    15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002).  In the present case, Movant has retained The Rosen Law Firm P.A. to pursue this litigation on his behalf, and will retain the firm as plaintiffs' lead counsel, in the event Movant is appointed lead plaintiff.  The Rosen Law Firm P.A. possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached hereto as Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.       CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant their motion and enter an Order (a) consolidating related actions (b) appointing the Movant as lead plaintiff, (c) approving The Rosen Law Firm P.A.as lead counsel for the Class (d) and granting such other relief as the Court may deem just and proper.

DATED: May 18, 2015                          Respectfully submitted,

                                             THE ROSEN LAW FIRM P.A.

                                             By: /s/ Phillip Kim_____
                                             Phillip Kim, Esq. (PK 9384)
                                             Laurence M. Rosen, Esq. (LR 5733)
                                             Kevin Chan (KC 0228)
                                             275 Madison Avenue, 34th Floor
                                             New York, New York 10016
                                             Telephone: (212) 686-1060
                                             Fax: (212) 202-3827
                                             pkim@rosenlegal.com
                                             lrosen@rosenlegal.com
                                             kchan@rosenlegal.com

                                             [Proposed] Lead Counsel for Plaintiffs and Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 18th day of May 2015, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim