UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

MEGAN VILLELLA, Individually and on
Behalf of All Others Similarly Situated,

               Plaintiff,

   vs.

CHEMICAL AND MINING COMPANY OF
CHILE INC., et al.,

               Defendants.

———————————————————— x

|  |  |
|---|---|
| : | Civil Action No. 1:15-cv-02106-ER-GWG |
| : |  |
| : | CLASS ACTION |
| : |  |
| : | MEMORANDUM OF LAW IN SUPPORT |
| : | OF THE COUNCIL OF THE BOROUGH OF |
| : | SOUTH TYNESIDE ACTING IN ITS |
| : | CAPACITY AS THE ADMINISTERING |
| : | AUTHORITY OF THE TYNE AND WEAR |
| : | PENSION FUND'S MOTION FOR |
| : | CONSOLIDATION, APPOINTMENT AS |
| : | LEAD PLAINTIFF AND APPROVAL OF |
| : | SELECTION OF LEAD COUNSEL |

———————————————————— x

LYNN MOLINARO, Individually and on
Behalf of All Others Similarly Situated,

               Plaintiff,

   vs.

CHEMICAL AND MINING COMPANY OF
CHILE INC., et al.,

               Defendants.

———————————————————— x

|  |  |
|---|---|
| : | Civil Action No. 1:15-cv-02884-ER-GWG |
| : |  |
| : | CLASS ACTION |

The Council of the Borough of South Tyneside Acting in Its Capacity as the Administering Authority of the Tyne and Wear Pension Fund ("Tyne and Wear") respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned related actions; (ii) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the Class.[1]

## I.     PRELIMINARY STATEMENT

Tyne and Wear respectfully submits that it should be appointed Lead Plaintiff in the above-captioned actions (the "Actions").  As set forth below, Tyne and Wear incurred a loss of over $4.4 million from its purchases of Chemical and Mining Company of Chile Inc. (a/k/a Sociedad Quimica y Minera de Chile S.A.) ("SQM" or the "Company") American Depositary Receipts ("ADRs") during the Class Period.[2]  Accordingly, Tyne and Wear has a powerful economic interest in directing the litigation and recovering the losses it suffered – an interest believed to be greater than that of any other qualified movant.

Tyne and Wear also meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members, and because it will fairly and adequately represent the interests of the Class.

---

[1]    A notice of the filing of this motion was filed in a related action pending in the United States District Court for the Central District of California.

[2]    A copy of Tyne and Wear's certification is attached as Exhibit 1 to the Declaration of David A. Rosenfeld (cited herein as "Rosenfeld Decl."), filed herewith.  The certification sets forth all of Tyne and Wear's transactions in SQM ADRs during the Class Period.

In addition, a chart reflecting the calculation of Tyne and Wear's financial loss is attached as Exhibit 2 to the Rosenfeld Declaration.

Tyne and Wear also respectfully requests that the Court approve its choice of Lead Counsel for the Class.  Tyne and Wear's selection for Lead Counsel, Robbins Geller, is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors.

## II.      FACTUAL BACKGROUND

Pending before the Court are two securities class actions, which were brought against SQM and its senior managers, for violations of the Securities Exchange Act of 1934 (the "Exchange Act"). The complaints allege that Defendants made materially false and/or misleading statements and/or failed to disclose that: (i) money from SQM was channeled illicitly to electoral campaigns for Chilean politicians and political parties as far back as 2009; (ii) SQM had filed millions of dollars' worth of fictitious tax receipts with Chilean authorities in order to conceal graft payments from at least 2009 through fiscal 2014; (iii) the Company lacked adequate internal controls over financial reporting; and (iv) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times and not prepared in accordance with applicable accounting principles.

SQM claims to be the largest producer of potassium nitrate, iodine and lithium chemicals in the world.  On February 24, 2015, Chile's Attorney General announced that he would lead an investigation into the escalating bribery and tax evasion scandal which involved using fake invoices and phony services to illegally funnel SQM money to politicians.

On March 11, 2015, SQM announced that its board of directors (the "Board") would meet the next day to evaluate the request by the Public Prosecutor for delivery of account records and related information in connection with its investigation into improper political campaign contributions. Days later, on March 16, 2015, SQM announced that it had turned over to the Chilean Internal Revenue Service all of the information requested by the Public Prosecutor.  Moreover, the Company

announced that the Board had agreed to terminate the Company's Chief Executive Officer, Defendant Patricio Contesse González.

As a result of these disclosures, SQM ADRs consistently declined in price – from a closing price of $26.17 per ADRs on February 25, 2015, to close at $22.10 per ADS on March 17, 2015, a decline of over 15%, on heavy trading volume.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated for All Purposes

The Actions name virtually the same defendants and involve the same factual and legal issues.  The Actions each seek relief from injuries caused by Defendants' fraud, which was perpetrated through the issuance of materially false and misleading statements and omissions. Consolidation is appropriate where there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  Accordingly, the Actions should be consolidated.

### B.    Tyne and Wear Should Be Appointed Lead Plaintiff

#### 1.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. §78u-4(a)(l); *see also* 15 U.S.C. §78u-4(a)(3)(B).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–
>
> (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by a class member to serve as lead plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the class member who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Elan Corp. Sec. Litig.*, No. 08-cv-08761-AKH, 2009 U.S. Dist. Lexis 39859, at *3 (S.D.N.Y. May 11, 2009) (discussing the lead plaintiff selection process).  This presumption may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### 2.     Tyne and Wear Is the "Most Adequate Plaintiff"

Tyne and Wear respectfully submits that it is presumptively the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

### a.     Tyne and Wear Has Satisfied the PSLRA's Procedural Requirements

Tyne and Wear filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), notice regarding the pending nature of this case was published on *GlobeNewswire*, a widely-circulated, national, business-oriented news reporting wire service, on March 19, 2015.  *See* Notice, Rosenfeld Decl. Ex. 3.  Thus, pursuant to the PSLRA, any member of

the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before May 18, 2015.  Tyne and Wear has filed its motion within the required timeframe.

> **b.      Tyne and Wear Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Tyne and Wear incurred a loss of over $4.4 million on purchases of 376,521 SQM ADRs during the Class Period.  *See* Loss Analysis, Rosenfeld Decl. Ex. 2.  Tyne and Wear is unaware of any other movant with a larger financial interest in the outcome of the Actions.

> **c.      Tyne and Wear Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to requiring the identification of the movant with the largest financial interest, the PSLRA also directs that a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23. . . ." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  However, at "this [lead plaintiff appointment] stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met."  *Elan*, 2009 U.S. Dist. LEXIS 39859, at *5 (citation and internal quotations omitted).  Tyne and Wear unquestionably satisfies these requirements.

**(1)     Tyne and Wear's Claims Are Typical of Those of the Class**

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Sgalambo v. McKenzie,* 268 F.R.D. 170, 173-74 (S.D.N.Y. 2010) (internal quotations omitted).

The typicality requirement is satisfied here because Tyne and Wear – which is not subject to any unique or special defenses – seeks the same relief and advances the same legal theories as do other Class members. As do all members of the Class, Tyne and Wear purchased SQM ADRs in reliance on the Company's public statements which contained materially false or misleading statements or omissions, and was damaged thereby. These shared claims, which are based on the same legal theories and arise from the same events and course of conduct as the claims of the other Class members, satisfy Rule 23(a)(3)'s typicality requirement.

**(2)     Tyne and Wear Will Fairly and Adequately Protect the Interests of the Class**

Pursuant to Rule 23(a)(4), the representative party must demonstrate that her or she "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *Elan*, 2009 U.S. Dist. LEXIS 39859, at *6 (citations omitted).

Tyne and Wear will fairly and adequately represent the interests of the proposed Class. Tyne and Wear has retained counsel highly experienced in prosecuting securities class actions vigorously

and efficiently, and has timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§78u-4(a)(3)(A)(i)(II) and (B)(v) (setting forth the requirements for timely motions and lead plaintiff's selection of counsel). Finally, no antagonism exists between the interests of Tyne and Wear and those of absent Class members; rather, the interest of Tyne and Wear, whose significant loss provides sufficient interest in the outcome of the case to ensure vigorous advocacy, is squarely aligned with that of the Class. Accordingly, Tyne and Wear satisfies the adequacy requirement.

### C.     The Court Should Approve Tyne and Wear's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "'The court should generally employ a deferential standard in reviewing the lead plaintiff's choices.'" *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at *15-*16 (S.D.N.Y. Apr. 17, 2006) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001)).

Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corporation Securities Litig.*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities . . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Robbins Geller has also achieved numerous substantial recoveries in this District on behalf of shareholders, including very recently in *Landmen Partners Inc. v. Blackstone Group, L.P.*, No. 08-cv-03601-HB-FM (S.D.N.Y.) ($85 million recovery); *City of Roseville Employees' Retirement*

*System v. EnergySolutions, Inc.*, No. 09-cv-08633-JGK (S.D.N.Y.) ($26 million recovery); and *City of Pontiac General Employees' Retirement System v. Lockheed Martin Corp.*, No. 11-cv-05026-JSR (S.D.N.Y.) ($19.5 million recovery).  *See* Robbins Geller Firm Resume, Rosenfeld Decl. Ex. 4.

Accordingly, the Court should approve Tyne and Wear's selection of Robbins Geller as Lead Counsel for the Class.

## IV.    CONCLUSION

For the foregoing reasons, Tyne and Wear respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Tyne and Wear as Lead Plaintiff for the Class; and (3) approve Tyne and Wear's selection of Robbins Geller as Lead Counsel for the Class.

DATED:  May 18, 2015                ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                    SAMUEL H. RUDMAN
                                    DAVID A. ROSENFELD
                                    ANDREW L. SCHWARTZ


                                              */s/ David A. Rosenfeld*
                                    ———————————————————
                                        DAVID A. ROSENFELD

                                    58 South Service Road, Suite 200
                                    Melville, NY  11747
                                    Telephone:  631/367-7100
                                    631/367-1173 (fax)
                                    srudman@rgrdlaw.com
                                    drosenfeld@rgrdlaw.com
                                    aschwartz@rgrdlaw.com

                                    *[Proposed] Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 18, 2015, I authorized a true

and correct copy of the attached:

> Notice of The Council of The Borough of South Tyneside Acting In Its
> Capacity as the Administering Authority of The Tyne and Wear Pension
> Fund's Motion for Consolidation, Appointment as Lead Plaintiff and
> Approval of Selection of Lead Counsel;

> Memorandum of Law in Support of The Council of The Borough of South
> Tyneside Acting In Its Capacity as the Administering Authority of The
> Tyne and Wear Pension Fund's Motion for Consolidation, Appointment as
> Lead Plaintiff and Approval of Selection of Lead Counsel; and

> Declaration of David A. Rosenfeld in Support of The Council of The
> Borough of South Tyneside Acting In Its Capacity as the Administering
> Authority of The Tyne and Wear Pension Fund's Motion for
> Consolidation, Appointment as Lead Plaintiff and Approval of Selection
> of Lead Counsel

to be electronically filed with the Clerk of the Court using the CM/ECF system, which

will send notification of such public filing to all counsel registered to receive such notice.

                                                    /s/ *David A. Rosenfeld*
                                                    DAVID A. ROSENFELD