**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEGAN VILLELLA, Individually And On Behalf Of All Others Similarly Situated, | Civil Action No. 15-cv-2106 (ER) |
| Plaintiff, | |
| v. | |
| CHEMICAL & MINING CO. OF CHILE INC., PATRICIO CONTESSE, PATRICIO DE SOLMINIHAC, and RICARDO RAMOS, | |
| Defendants. | |
| LYNN MOLINARO, Individually And On Behalf Of All Others Similarly Situated, | Civil Action No. 15-cv-2884 (ER) |
| Plaintiff, | |
| v. | |
| CHEMICAL AND MINING CO. OF CHILE INC., PATRICIO CONTESSE GONZALEZ, PATRICIO DE SOLMINIHAC, and RICARDO RAMOS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ARKANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

SUMMARY OF THE PENDING ACTIONS ....................................................... 3

ARGUMENT ........................................................................................................ 5

     A.     APERS Should Be Appointed Lead Plaintiff .......................................... 5

          1.     APERS's Motion Is Timely ....................................................... 5

          2.     APERS Has The Largest Financial Interest In The Relief Sought By The Class ..................................................................... 6

          3.     APERS Satisfies The Requirements Of Rule 23 ....................... 6

     B.     The Court Should Approve APERS's Selection Of Lead Counsel ..................... 9

     C.     The Related Actions Should Be Consolidated ................................................... 10

CONCLUSION ................................................................................................... 11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
    No. 12 Civ. 1203(PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012).................................7

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ...................................................................................8

*Marsch v. Rui Feng*,
    No. 12 Civ. 9456(JSR), 2013 WL 3204193 (S.D.N.Y. June 13, 2013)...................................7

*In re Doral Fin. Corp. Sec. Litig.*,
    414 F. Supp. 2d 398 (S.D.N.Y. 2006)...................................................................................6

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328(RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ...................................10

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin.*
    *Holdings Ltd.*,
    No. 11 Civ. 5097(JFK), 2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011) ...................................7

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ...................................10

*Smajlaj v. Brocade Commc'ns Sys. Inc.*,
    No. C 05-02042 CRB, 2006 WL 7348107 (N.D. Cal. Jan. 12, 2006) ...................................2

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    No. 14 Civ. 2814 (ER), 2015 WL 1499657 (S.D.N.Y. Mar. 27, 2015)...........................6, 7, 9

**Rules and Statutes**

Fed. R. Civ. P. 23(a)(4)...................................................................................................7

15 U.S.C. § 78u-4(a)(3) ..................................................................................... *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)...................................................................8

The Arkansas Public Employees Retirement System ("APERS") respectfully submits this memorandum in support of its motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) for consolidation of all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The above-captioned actions (the "Actions") allege that from June 30, 2010 to March 17, 2015 (the "Class Period"), Chemical & Mining Co. of Chile Inc., or Sociedad Quimica y Minera de Chile S.A. ("SQM" or the "Company") and certain of SQM's senior executives, defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).[1]  SQM investors, including APERS, incurred significant losses when the Company disclosed its involvement in a tax-related scheme linked to the illegal financing of political contributions, which resulted in the termination of the Company's Chief Executive Officer ("CEO") and caused several members of SQM's Board of Directors to resign.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation

---

[1] In addition to the above-captioned actions, SQM investors filed a substantially identical securities class action in the U.S. District Court for the Central District of California (the "California Action").  *See Kramer v. Chem. & Mining Co. of Chile Inc. a/k/a Sociedad Química y Minera De Chile S.A.*, No. 2:15-cv-02250 (C.D. Cal. filed March 26, 2015).  APERS is concurrently filing a motion for appointment as Lead Plaintiff in the California Action.

and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

APERS is the "most adequate plaintiff" and should be appointed Lead Plaintiff.  APERS suffered approximately $479,000 in losses on its Class Period investments in SQM American Depositary Shares ("ADS")—a substantial financial interest that will ensure its vigorous prosecution of the Class' claims against Defendants.[2]  In addition to asserting the largest financial interest, APERS readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class and it will fairly and adequately represent the Class.

Further, APERS fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in serving as Lead Plaintiff to guarantee vigorous prosecution of this action.  Indeed, APERS is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation, and has experience serving as a Lead Plaintiff and supervising the work of outside counsel.  *See Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006) (appointing APERS as Lead Plaintiff).  Accordingly, APERS has both the incentive and ability to supervise and monitor counsel.

APERS also believes that the effective prosecution of these actions will be ensured by its selection of Bernstein Litowitz as proposed Lead Counsel for the Class.  Bernstein Litowitz is a nationally recognized securities class action firm that has recovered billions of dollars for the

---

[2] APERS's PSLRA-required Certification is provided as Exhibit A to the Declaration Of Gerald H. Silk In Support Of The Motion Of The Arkansas Public Employees Retirement System For Appointment As Lead Plaintiff, Approval Of Its Selection Of Lead Counsel, And Consolidation Of All Related Actions (the "Silk Decl.").  In addition, a chart setting forth calculations of APERS's losses is provided as Exhibit B to the Silk Decl.

benefit of harmed investors.  Bernstein Litowitz is eminently qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on APERS's financial interest and its experience serving as a Lead Plaintiff, APERS respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## SUMMARY OF THE PENDING ACTIONS

SQM is a global producer of specialty plant nutrients, iodine, lithium, potassium chloride, potassium sulfate, and certain industrial chemicals.  SQM products are sold in more than 115 countries through its worldwide distribution network, with 88% of sales in 2013 derived from countries outside Chile.  SQM products are mainly derived from mineral deposits found in northern Chile.

The Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, they allege that Defendants made false or misleading statements or failed to disclose that: (1) money from SQM was channeled illicitly to electoral campaigns for the Independent Democratic Union ("UDI"), Chile's largest conservative party; and that (2) the Company lacked adequate internal controls over its financial reporting.  As a result of these misrepresentations, SQM ADS traded at artificially inflated prices during the Class Period.

On February 26, 2015, SQM issued the first of a series of disclosures, which, for the first time, publicly linked the Company to an ongoing political contribution scandal and ultimately culminated in the termination of SQM's CEO and resignation of three SQM Board members.  That day, the Company disclosed that, at the request of the Chairman of the Board of SQM, an extraordinary Board meeting was held to analyze the ongoing political scandal and the Attorney General's investigation.

Then, on March 11, 2015, SQM disclosed that it received a request from the Chilean Attorney General for certain information related to its ongoing campaign finance investigation. SQM also announced that its Board of Directors would meet to evaluate the Attorney General's request.  The following day, on March 12, 2015, the Company disclosed that the Board decided to withhold the information requested by the Chilean prosecutor until the Company had an opportunity to conduct its own investigation.

On March 16, 2015, the Company announced that it had turned over all of the information requested by the prosecutor to tax authorities.  Significantly, SQM also announced that the Board had terminated CEO Contesse effective immediately.  As a result of these disclosures, SQM's ADS consistently traded downward, from a closing price of $26.17 per ADS on February 25, 2015, to close at $22.10 per ADS on March 17, 2015, a decline of 15.6%.

Then, on March 18, 2015, SQM announced the resignation of the three representatives on its Board from Canadian stakeholder Potash Corporation.  On that same day, *The Globe and Mail* reported that Chilean prosecutors were investigating whether an alleged payment by SQM to a relative of former mining minister Pablo Wagner was used to fund Wagner's senatorial election campaign.  Wagner is currently in custody awaiting trial for charges of receiving bribes.  As a result of these disclosures, SQM ADSs fell an additional $3.45 per ADS, or more than 15.6%, to close at $18.65 per ADS on March 18, 2015, wiping out over $190 million of market value.  The revelation of fraud and the associated price decline caused significant losses and damages to APERS and other members of the Class.

## ARGUMENT

### A.   APERS Should Be Appointed Lead Plaintiff

APERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, APERS believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.   APERS's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On March 19, 2015, *Villella v. Chemical & Mining Co. of Chile, Inc.*, No. 1:15-cv-02106-ER (the "*Villella* Action"), was filed in this District asserting claims under the Exchange Act against Defendants.  That same day, a notice of the pendency of that action was published on *Globe Newswire*, alerting investors that the deadline to seek Lead Plaintiff status is May 18, 2015.  *See* Silk Decl., Ex. C.  On April 14, 2015, a related action, *Molinaro v. Chemical & Mining Co. of Chile Inc.*, No. 1:15-cv-02884-ER (the "*Molinaro* Action"), was filed in this District and expanded the Class Period to June 30, 2010 to March 17, 2015.  That same day, a notice of the pendency of the *Molinaro* Action was published on *Business*

*Wire*, alerting investors to the expanded Class Period. *See* Silk Decl., Ex. D.[3]  APERS's motion is properly filed within 60 days of the publication of the notice of pendency of the first-filed action.

### 2.  APERS Has The Largest Financial Interest In The Relief Sought By The Class

APERS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  As demonstrated herein, APERS sustained losses of approximately $479,000 from its Class Period purchases of over 81,000 SQM ADS. *See* Silk Decl., Exs. A and B.[4]  To the best of APERS's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, APERS has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.  APERS Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, APERS otherwise satisfies the adequacy and typicality requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 14 Civ. 2814 (ER), 2015 WL 1499657, at *10 (S.D.N.Y. Mar. 27, 2015) (Ramos, J.) ("At this stage of the litigation, in determining whether a movant is the presumptive Lead Plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary.") (citation omitted).  Here, APERS indisputably satisfies the typicality and adequacy requirements.

APERS's claims are typical of the claims of other purchasers of SQM ADS.  The typicality requirement is satisfied "where the proposed Lead Plaintiff's 'claims and injuries arise from the

---

[3] For purposes of appointing a Lead Plaintiff, the longest class period governs. *See In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006).

[4] APERS's loss is the same whether calculated on a last-in, first-out ("LIFO") or first-in, first-out ("FIFO") basis.

same conduct from which the other class members' claims and injuries arise.'"  *Marsch v. Rui Feng*, No. 12 Civ. 9456(JSR), 2013 WL 3204193, at *2 (S.D.N.Y. June 13, 2013) (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998)).  Here, APERS and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Indeed, like all other Class members, APERS: (1) purchased SQM ADS during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").  As such, APERS is a typical Class representative.

APERS similarly satisfies the adequacy requirement of Rule 23.  Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class."  Fed. R. Civ. P. 23(a)(4).  In order for the Class' interests to be fairly and adequately represented, a Lead Plaintiff must "not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent."  *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012) (citation omitted).  APERS satisfies these elements because its substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims.  *See Topping*, 2015 WL 1499657, at *11 (appointing investor who "demonstrated substantial losses" because "that suggest[s] he will have a strong interest in advocating on behalf of the Class").

APERS's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between APERS and other Class members.  In fact, Gail Stone, the Executive Director of APERS, submitted a Certification on its behalf affirming its understanding and acceptance of the duties and responsibilities owed to other Class members through its commitment to "serve as a Lead Plaintiff and representative party" and monitor the prosecution of this action in the best interests of the Class if appointed Lead Plaintiff in this action.  Silk Decl., Ex. A.

Further, based on its past experience serving as Lead Plaintiff, APERS is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel.  Indeed, APERS currently serves and has, in the past, served as Lead Plaintiff in several cases subject to the PSLRA.  *See, e.g.*, *In re KBR, Inc. Sec. Litig.*, No. 4:14-cv-01287 (S.D. Tex.) (APERS currently serving as Lead Plaintiff and Bernstein Litowitz serving as Co-Lead Counsel); *Hughes v. Huron Consulting Grp., Inc.*, No. 09-cv-4734 (N.D. Ill.) (APERS, as Lead Plaintiff, and Bernstein Litowitz, as Co-Lead Counsel, recovered $38 million for investors); *In re Brocade Sec. Litig.*, No. 05-cv-2042 (N.D. Cal.) (APERS, as Lead Plaintiff, recovered $160 million for investors).

Further, APERS is the very sort of Lead Plaintiff envisioned by Congress when it enacted the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184,

188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as Lead Plaintiffs in [class] actions") (citation omitted).

Finally, APERS has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action.  As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action litigation effectively.

**B.**     **The Court Should Approve APERS's Selection Of Lead Counsel**

The Court should approve APERS's selection of Bernstein Litowitz as Lead Counsel on behalf of the Class.  Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Topping*, 2015 WL 1499657, at *11 ("There is a strong presumption in favor of approving a properly-selected Lead Plaintiff's decision as to counsel.") (citation omitted).   Here, APERS retained Bernstein Litowitz as proposed Lead Counsel to represent the Class.

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Silk Decl., Ex. E.  Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class.  More recently, Bernstein Litowitz secured a recovery of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million settlement in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) on behalf of the Class.  Other significant examples in which

9

courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659-LAP (S.D.N.Y.) (recovering $1.3 billion for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351-RJS (S.D.N.Y) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017-LAK (S.D.N.Y) (recovering $615 million for investors); and *In re Refco, Inc. Securities Litigation*, No. 05-cv-8626-JSR (S.D.N.Y.) (recovering $367 million for investors).

Accordingly, the Court should approve APERS's selection of Bernstein Litowitz as Lead Counsel for the Class.

## C.   The Related Actions Should Be Consolidated

Two related securities fraud class actions were filed in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Villella v. Chemical & Mining Co. of Chile Inc.* | 15-cv-2106 | March 19, 2015 |
| *Molinaro v. Chemical & Mining Co. of Chile Inc.* | 15-cv-2884 | April 14, 2015 |

These actions present virtually identical factual and legal issues because they each arise out of the same alleged misstatements regarding the Company's involvement in a scheme linked to the illegal financing of political contributions.[5]   Accordingly, consolidation of the *Molinaro* Action into the *Villella* Action is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure.  *See, e.g., Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL

---

[5] While both actions assert the same Exchange Act claims against the same defendants, the *Villella* Action asserts a class period of March 4, 2014 to March 17, 2015, while the *Molinaro* Action asserts a class period of June 30, 2010 to March 17, 2015.  This minor difference does not render consolidation inappropriate, however, because the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.  *See In re Orion Sec. Litig.*, No. 08 Civ. 1328(RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008) (consolidating three securities class actions despite different class periods).

4343802, at *1 (S.D.N.Y. Sept. 9, 2011) (consolidating related actions that "involve[d] securities claims brought on behalf of purchasers of [the company's] securities during the Class Period") (citation omitted).

## CONCLUSION

For the reasons discussed above, APERS respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) grant such other relief as the Court may deem just and proper.

Dated:  May 18, 2015                                         Respectfully Submitted,

                                                             **BERNSTEIN LITOWITZ BERGER**
                                                               **& GROSSMANN LLP**

                                                             */s/  Gerald H. Silk*
                                                             Gerald H. Silk
                                                             Avi Josefson
                                                             1285 Avenue of the Americas
                                                             New York, NY 10019
                                                             Telephone: (212) 554-1400
                                                             Facsimile: (212) 554-1444
                                                             jerry@blbglaw.com
                                                             avi@blbglaw.com

                                                             *Counsel for Proposed Lead Plaintiff*
                                                             *Arkansas Public Employees Retirement*
                                                             *System and Proposed Lead Counsel for the*
                                                             *Class*

11