UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
MEGAN VILLELLA, Individually and on : Civil Action No. 1:15-cv-02106-ER-GWG
Behalf of All Others Similarly Situated, :
 : CLASS ACTION
Plaintiff, :
 : THE COUNCIL OF THE BOROUGH OF
vs. : SOUTH TYNESIDE ACTING IN ITS
 : CAPACITY AS THE ADMINISTERING
CHEMICAL AND MINING COMPANY OF : AUTHORITY OF THE TYNE AND WEAR
CHILE INC., et al., : PENSION FUND'S MEMORANDUM OF
 : LAW IN FURTHER SUPPORT OF ITS
Defendants. : MOTION FOR CONSOLIDATION,
 : APPOINTMENT AS LEAD PLAINTIFF
 : AND APPROVAL OF SELECTION OF
 : LEAD COUNSEL AND IN OPPOSITION
———————————————————————— x TO THE COMPETING MOTIONS

———————————————————————— x
LYNN MOLINARO, Individually and on : Civil Action No. 1:15-cv-02884-ER-GWG
Behalf of All Others Similarly Situated, :
 : CLASS ACTION
Plaintiff, :
 :
vs. :
 :
CHEMICAL AND MINING COMPANY OF :
CHILE INC., et al., :
 :
Defendants. :
 :
———————————————————————— x

Lead Plaintiff movant The Council of the Borough of South Tyneside Acting in Its Capacity as the Administering Authority of the Tyne and Wear Pension Fund ("Tyne and Wear") respectfully submits this memorandum of law in further support of its motion for consolidation, appointment as Lead Plaintiff and approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel and in opposition to the competing motions.

## I.    PRELIMINARY STATEMENT

In accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), six investors timely filed motions asking this Court to consolidate the above-captioned actions (the "Actions"), appoint that investor as Lead Plaintiff, and approve of each movant's respective selection of counsel as Lead Counsel for the class. The Court's task at this juncture, pursuant to the PSLRA, is to determine which investor qualifies as the "most adequate plaintiff," *i.e*., the investor that "has the largest financial interest in the relief sought by the class" and who also "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

A review of the motions makes clear that Tyne and Wear should be appointed Lead Plaintiff and its chosen counsel approved as Lead Counsel. As explained more fully below, Tyne and Wear has a larger financial interest than any other movant. The next largest interest, after Tyne and Wear, is claimed by Arkansas Public Employees Retirement System ("Arkansas") and is nearly one-tenth the size of Tyne and Wear's $4.4 million financial interest.

Accordingly, for these reasons, and as set forth in its prior submission, it is respectfully submitted that Tyne and Wear's motion be granted in its entirety and all other motions be denied.

## II.   ARGUMENT

### A.   The Procedure Required by the PSLRA for Appointment of Lead Plaintiff

Section 21D of the PSLRA sets forth a simple process governing a district court's appointment of a lead plaintiff in securities class actions. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (noting the PSLRA's lead plaintiff process is "neither overly complex nor ambiguous"); followed by *In re Warnaco Grp., Inc. Sec. Litig.*, No. 00-cv-6266 (LMM), 2004 U.S. Dist. LEXIS 13126, at *3 (S.D.N.Y. July 13, 2004) ("While the words 'most capable' seem to suggest that the district court will engage in a wide-ranging comparison . . . the statute defines the term much more narrowly . . . the lead plaintiff--is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.").

First, a district court is required to "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The district court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* (emphasis in original). "If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.*

As set forth herein, Tyne and Wear is the "most adequate plaintiff," and should be appointed Lead Plaintiff and its selection of Lead Counsel approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

B.  **Tyne and Wear Is the "Most Adequate Plaintiff" and Should Be Appointed as Lead Plaintiff**

1.  **Tyne and Wear Has the Largest Financial Interest**

The "most adequate plaintiff" must have the "largest financial interest." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Here, the remaining movants[1] claim financial interests as follows:

| MOVANT(S) | CLAIMED LOSSES |
|---|---|
| Tyne and Wear | **$4,437,901.65** |
| Arkansas Public Employees Retirement System | $479,561.98 |
| Anton Mandelstam | $41,384.52 |
| Sam and Megan Villella<br>Leroy Robinson | $11,084 collectively ($2,438 and $8,646, respectively) |
| Marty Sholtis | $6,338.24 |

With a claimed financial interest of more than $4.4 million, Tyne and Wear has the largest financial interest of any movant.

2.  **Tyne and Wear Also Satisfies the Rule 23 Requirements**

Because Tyne and Wear has the largest individual financial interest, the next question is whether it otherwise satisfies the requirements of Rule 23. *See In re CMED Sec. Litig.*, No. 11-cv-9297 (KBF), 2012 U.S. Dist. LEXIS 47785, at *12 (S.D.N.Y. April 2, 2012). At this point in the litigation, only a preliminary showing is required to satisfy these requirements. *Id*. at *12-*13.

As demonstrated in its opening memorandum, Tyne and Wear is both typical and adequate. Tyne and Wear's claims arise from the same alleged conduct and are based on the same theories as other class members. There is also no indication that Tyne and Wear's claims conflict with those of

---

[1] Richard Gielata, an investor that previously sought to be appointed as Lead Plaintiff and who claimed the third largest financial interest, filed a response to the various motions and acknowledged that Tyne and Wear "has alleged the largest financial interest in the relief sought" and "he does not oppose appointing Tyne and Wear as lead plaintiff." *See* Docket Entry #24, at 1.

- 3 -

the class.  Additionally, Tyne and Wear retained Robbins Geller as Lead Counsel, a highly experienced firm with a proven track record of success in this District.

Based upon Tyne and Wear having the largest financial interest, as well as its typicality and adequacy, Tyne and Wear has satisfied each of the PSLRA's lead plaintiff prerequisites.  Tyne and Wear's motion should therefore be granted.

### III. CONCLUSION

Since Tyne and Wear is the "most adequate plaintiff," it respectfully requests that the Court grant its motion in full.

DATED:  June 4, 2015

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
ANDREW L. SCHWARTZ


*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
aschwartz@rgrdlaw.com

*[Proposed] Lead Counsel for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 4, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD