UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MEGAN VILLELLA, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

vs.

CHEMICAL AND MINING COMPANY OF CHILE, INC., et al.,

                Defendants.

15-cv-2106-ER

---------------------------------------------------------------x

**DEFENDANT'S RESPONSE TO LEAD PLAINTIFF'S MOTION FOR THE ISSUANCE OF LETTERS ROGATORY TO SUBPOENA FOREIGN THIRD PARTIES**

**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**

Scott A. Edelman (sedelman@milbank.com)
Grant R. Mainland (gmainland@milbank.com)
Alison Bonelli (abonelli@milbank.com)
28 Liberty Street
New York, New York 10005
(212) 530-5000

*Attorneys for Defendant Chemical and Mining Company of Chile, Inc.*

Defendant Chemical and Mining Company of Chile Inc. (a/k/a Sociedad Quimica y Minera de Chile S.A.) ("SQM") respectfully submits this response to Plaintiff's Motion for the Issuance of Letters Rogatory to Subpoena Foreign Third Parties (Dkt. No. 111, "Pl. Br.") ("Plaintiff's Motion").  SQM respectfully states as follows:

Presently before this Court is Plaintiff's Motion to obtain discovery through the issuance of letters rogatory from Canadian residents Nutrien Ltd. (successor to Potash Corporation of Saskatchewan ("PCS")) ("Nutrien") and Wayne R. Brownlee.  The discovery sought by Plaintiff relates to three SQM board meetings held in February and March 2015; Mr. Brownlee's resignation from SQM's board; the departure of SQM's former CEO; and investigations of SQM by Chilean and U.S. governmental agencies.

As SQM noted in its pre-motion letter (Dkt. No. 108), SQM strongly disputes many aspects of the portrayal of events set forth in Plaintiff's Motion, which is merely a recitation of certain allegations in the operative complaint.[1]  SQM does not, however, contest the general relevance of the discovery sought by Plaintiff to the parties' claims and defenses.  As Plaintiff's Motion observes, "relevance, for purposes of discovery, is an extremely broad concept" (Pl. Br. at 5 (citation omitted))—a principle that Plaintiff unfortunately applies selectively by contesting the relevance of the documents and testimony SQM is currently seeking from Plaintiff's investment adviser in its pending Motion for the Issuance of a Letter of Request (Dkt. No. 90).  In any event, given the relevance of the subject matter of the requests, SQM does not oppose Plaintiff's Motion in its entirety.  Rather, SQM submits this response to address certain necessary modifications to the proposed letters rogatory, as set forth in redline form in Exhibit A attached hereto.

---

[1] For SQM's position on the allegations in question, SQM refers the Court to, and incorporates herein by reference, the Answer of Defendant Chemical and Mining Company of Chile, Inc. (Dkt. No. 72.)

First, by their terms, Plaintiff's requests seek the discovery of potentially privileged information, including, but not limited to, attorney-client communications between SQM and its lawyers that may be in the possession of Nutrien or Mr. Brownlee. By way of example, Plaintiff seeks documents and communications discussing Chilean and U.S. governmental authorities' investigations into SQM. (Dkt. No. 112-2 at 17, 55.) It is inevitable that these requests will encompass privileged communications to and from SQM's in-house and outside counsel and/or reflecting their advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 390-395 (1981) (the attorney-client privilege protects confidential communications between corporate counsel and a broad range of directors, officers, and employees of a company). SQM objects to the disclosure—whether by Nutrien or Mr. Brownlee—of any information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity in connection with the proposed discovery. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (a party has standing to object on the ground of privilege to a subpoena directed to a non-party witness). As with SQM's proposed letter of request under the Hague Convention (*see* Dkt. No. 91-1 at 5-6), the proposed letters rogatory should be modified to expressly address SQM's right to object to—and prevent—the disclosure of such privileged information under the laws of the United States.

Second, as concerns Plaintiff's request for a deposition of Mr. Brownlee, SQM reserves the right and intends to question Mr. Brownlee at any such deposition, and should be afforded a sufficient opportunity to do so. Courts have recognized that, where a third-party witness appears pursuant to a subpoena under Rule 45 of the Federal Rules of Civil Procedure, counsel for both parties are permitted to question the witness, irrespective of which party served the subpoena and without the need for service of a cross-subpoena. *See, e.g.*, *F.C.C. v. Mizuho Medy Co. Ltd.*, 257

F.R.D. 679, 682 (S.D. Cal. 2009).[2]  For the avoidance of doubt, and to prevent any possible procedural dispute, Plaintiff's proposed letters rogatory should be modified to expressly acknowledge SQM's right to question the witness.

Third, although Plaintiff's motion states that the standard governing the issuance of letters rogatory is one of "relevance" under Rule 26, Plaintiff's proposed letters rogatory frame the standard as one of "materiality," not relevance.  *See, e.g.,* Dkt. No. 112-1 at 4 ("This Court has reviewed the Subpoenas, and determined that the requests are enumerated with particularity, [and] are material to the facts at issue in this action[.]"); *id.* at 8 ("The evidence sought is material to this action[.]").  But the "materiality" of the proposed discovery (which is unknowable until the discovery is obtained) is not the standard, and the Court should not be put in the position of expressing a view one way or the other as to the materiality of any discovery that results from the proposed letters rogatory.  Relatedly, the proposed letters rogatory are drafted in a manner that could be read to suggest, inappropriately, that the Court endorses the truth of Plaintiff's allegations.[3]  The proposed letters rogatory should make explicit that those factual assertions are Plaintiff's allegations, not the Court's own findings of fact.

Finally, although SQM is not the target of the proposed discovery, SQM notes that the time period for which the discovery is sought appears substantially overbroad relative to the topics of the proposed discovery.  Plaintiff seeks documents from January 1, 2014 through the date of the requests—a time period spanning over four years.  (Dkt No. 112-2 at 15, 53.)  At the

---

[2] Although the subpoenas sought herein would be enforced pursuant to letters rogatory, the logic would nonetheless apply, since requiring SQM to request its own letters rogatory concerning the same subject matter would be a wasteful imposition on both judicial and party resources.

[3] In particular, the majority of Section IV of the proposed letters rogatory improperly blurs the distinction between what Plaintiff is alleging and what the Court has determined to be true.  For example, the proposed letters rogatory, which are styled as a statement of the Court, state without qualification that the March 12, 2015 board meeting "involved a clear divide in the Board as to how to respond and how forthcoming to be" in response to the Chilean Public Prosecutor's requests and that "SQM was failing to cooperate" with the investigations into the Contesse payments.  (Dkt. No. 112-1 at 8-9.)  Of course, the Court has found no such thing.

3

same time, Plaintiff's requests are heavily targeted at a roughly three-month period in the beginning of 2015. Thus, the Court may wish to consider whether the expansive time period employed by Plaintiff is justified by the subject matter of the requests, and whether the Canadian authority may take issue with the temporal scope of the requests. *See, e.g.*, *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (whether a subpoena imposes an undue burden depends in part on the time period covered by the requests).

For the foregoing reasons, SQM respectfully requests that, should the Court grant Plaintiff's Motion, it do so subject to the limitations and modifications requested herein, as reflected in redline form in Exhibit A hereto.

| | |
|---|---|
| Dated:  May 4, 2018<br>New York, New York | **MILBANK, TWEED, HADLEY & McCLOY LLP**<br><br>By: /s/ Grant R. Mainland<br>Scott A. Edelman<br>Grant R. Mainland<br>Alison Bonelli<br>28 Liberty Street<br>New York, New York 10005<br>Tel:  (212) 530-5000<br><br>***Attorneys for Defendant Chemical and Mining Company of Chile, Inc.*** |