**Robbins Geller Rudman & Dowd LLP**

|  |  |  |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Aelish M. Baig
AelishB@rgrdlaw.com

# MEMO ENDORSED

June 19, 2020

VIA ECF

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Villela v. Chemical and Mining Company. of Chile, Inc.*
              No. 1:15-cv-02106-ER-GWG (S.D.N.Y.)

Dear Judge Ramos:

    We represent Class Representative Council of the Borough of South Tyneside Acting in Its Capacity as the Administering Authority of the Tyne and Wear Pension Fund ("Plaintiff") in the above-captioned action. We write for two reasons: (1) to request oral argument; and (2) to move for permission to file certain documents under seal. As explained herein, however, Plaintiff does not agree that information designated confidential by defendant Chemical and Mining Company of Chile Inc. (a/k/a Sociedad Química y Minera de Chile S.A.) ("Defendant") should remain under seal.

## I.    Request for Oral Argument

    We request, pursuant to Rule 2.D. of the Court's Individual Practices, oral argument on Defendant's motion for partial summary judgment and its motion to exclude. *See* ECF No. 169 (Notice of SQM's Motion for Summary Judgment on Loss Causation and Damages); ECF No. 173 (Notice of SQM's Motion to Exclude Testimony of Plaintiff's Expert, Steven Feinstein).

## II.    Motion for Permission to File Certain Documents Under Seal

    Additionally, we move to file the following under seal:

- Selected exhibits attached to the Omnibus Declaration of Aelish M. Baig in Support of Plaintiff's Opposition to SQM's Motion for Summary Judgment, Opposition to SQM's Motion to Exclude the Testimony of Plaintiff's Expert, Steven Feinstein, and Response to SQM's Local Rule 56.1 Statement of Material Undisputed Facts.

**Robbins Geller Rudman & Dowd LLP**

Honorable Edgardo Ramos
June 19, 2020
Page 2

On July 17, 2017, the Court entered a protective order in this matter (ECF No. 74) (the "Protective Order") that allows any party to designate as "CONFIDENTIAL" information or documents containing certain private or confidential information. ECF No. 74 at 3-4. A party to this action that files papers with the Court containing confidential information must do so pursuant to the Court's Electronic Case Filing Rules & Instructions. *Id.* at 9-10. The above-referenced filings contain or reference information designated Confidential by Defendant and certain non-parties.

The materials designated Confidential should not be sealed from public access "'***absent the most compelling reasons***.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (emphasis in original) (citation omitted); *see Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) ("'continued sealing of documents'" submitted to a court in summary judgment proceedings "'may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values'" than the common law and First Amendment "'and only if the sealing order is narrowly tailored to achieve that aim'") (citation omitted). "'"[A]ny party . . . may request at any time that a "Confidential" designation be removed from any document or information."'" *Lugosch*, 435 F.3d at 126 (citations omitted).

No such reasons exist here, and Plaintiff so requests. Not only is the information at issue stale, it has been the subject of extensive public reporting. Indeed, some of it is publicly available information that has nevertheless been designated Confidential. Absent identification of "particular circumstances surrounding the production of a contested document" showing that sealing or redaction is merited, the designations should be removed and the documents filed publicly on the docket. *Id.*

As required under the Protective Order and the Court's Electronic Case Filing Rules & Instructions §6.1, Plaintiff will file redacted versions of the following because they contain or refer to information that has been designated as Confidential under the Protective Order:

- Plaintiff's Opposition to SQM's Motion for Summary Judgment on Loss Causation and Damages;

- Opposition to SQM's Motion to Exclude the Testimony of Plaintiff's Expert, Steven Feinstein; and

- Plaintiff's Response to SQM's Local Rule 56.1 Statement of Material Undisputed Facts in Support of Its Motion for Summary Judgment on Loss Causation and Damages.

**Robbins Geller Rudman & Dowd LLP**

Honorable Edgardo Ramos
June 19, 2020
Page 3

   Plaintiff will deliver courtesy copies in accordance with the Court's Individual Practices.

              Respectfully submitted,

              AELISH M. BAIG

AMB:drd

---

The motion to file documents under seal is GRANTED. The plaintiff is directed to refile Doc. 209 under seal via ECF, in accordance with Section 3 of the Court's Individual Practices.

The parties are directed to confer regarding the plaintiff's request to unseal certain portions of Doc. 209. They are further directed to submit a joint letter under seal to the Court by Monday, June 29, listing the specific documents the plaintiff wishes to unseal, any objections the defendant may have, and the plaintiff's response to those objections.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: June 23, 2020
New York, New York

Cases\4817-4783-8400.v1-6/19/20