UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x |  |  |
| MEGAN VILLELLA, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:15-cv-02106-ER-GWG (Consolidated) |
|  | : |  |
| Plaintiff, | : | CLASS ACTION |
|  | : |  |
| vs. | : | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
|  | : |  |
| CHEMICAL AND MINING COMPANY OF CHILE INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
| ———————————————— x |  |  |

WHEREAS, an action is pending before this Court entitled *Villella v. Chemical and Mining Company of Chile Inc.*, No. 1:15-cv-02106-ER-GWG (S.D.N.Y.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated December 11, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator, the Hon. Layn R. Phillips (Ret.);

(b)     the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)     the Settlement does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class;

(d)     the Settlement does not provide excessive compensation to counsel for Lead Plaintiff; and

(e)     the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Class; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _____April 2_____, 2021, at __10_a_.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.11 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiff; and (e) any such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Hearing or decide to hold the Settlement Hearing telephonically or by videoconference without further notice to the Members of the Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of

Claim"), and Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.      All fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses. Notwithstanding the foregoing, SQM shall be responsible for the costs and expenses of obtaining whatever shareholder records it is reasonably able to obtain from The Bank of New York Mellon, as depositary of the SQM ADSs, containing the names and addresses of purchasers of SQM ADSs during the Class Period pursuant to ¶3.2 of the Stipulation.

6.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)      SQM shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Class, within ten (10) business days after the Court signs this Order, whatever shareholder records it is reasonably able to obtain from The Bank of New York Mellon, as depositary of the SQM ADSs, containing the names and addresses of Persons who purchased SQM ADSs during the Class Period;

(b)      Not later than  January 8  , 2021 (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall commence

- 3 -

mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all potential Class Members who can be identified with reasonable effort and post the Notice and Proof of Claim on its website at www.SQMSecuritiesSettlement.com;

(c)     Not later than January 15, 2021 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendant's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Nominees who purchased SQM ADSs during the Class Period for the beneficial ownership of potential Class Members shall send the Notice and the Proof of Claim to all such beneficial owners of SQM ADSs within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and Lead Counsel shall, upon receipt by the Claims Administrator of proper documentation, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the

- 4 -

sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.      Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

9.      Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____April 8_____, 2021 (a date ninety (90) calendar days from the Notice Date).  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

10.      Any Class Member that opts out of the Class or otherwise has settled claims with Defendant for claims arising out of the conduct alleged in the Litigation is hereby enjoined from submitting a Proof of Claim or having another person or entity submit a Proof of Claim on its behalf.

11.      Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

4834-4749-7426.v3

12.     Any Person who purchased SQM ADSs during the Class Period may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than March 12 , 2021 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must state: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of SQM ADSs and date of each purchase of SQM ADSs and the price paid for any purchase of SQM ADSs between June 30, 2010 and March 18, 2015, inclusive; and (iii) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased SQM ADSs during the Class Period who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding.

13.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendant's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than five (5) business days of receipt thereof, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

14.     Any Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be

- 6 -

approved, or why attorneys' fees and expenses should not be awarded to Lead Counsel, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before March 12, 2021 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Milbank LLP, Grant R. Mainland, 55 Hudson Yards, New York, NY 10001, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 on or before March 12, 2021 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  Any Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses of Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

15.     Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the specific

reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases and sales of SQM ADSs during the Class Period, including the dates, the number of SQM ADSs purchased or sold, and price paid or received for each such purchase or sale.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by February 26, 2021 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing).  Replies to any objections shall be filed and served by _____March 26_____, 2021 (a date that is seven (7) calendar days prior to the Settlement Hearing).

18.     Neither the Defendant and its Related Parties nor Defendant's counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become Effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

21.     Neither this Order nor the Stipulation, nor any of their respective terms or provisions, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation shall be construed as an admission or concession by Defendant as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising

- 9 -

out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of November 11, 2020.

24.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against Defendant any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED:  December 18, 2020        _____
                                THE HONORABLE EDGARDO RAMOS
                                UNITED STATES DISTRICT JUDGE

4834-4749-7426.v3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| MEGAN VILLELLA, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:15-cv-02106-ER-GWG (Consolidated) |
| | : | |
| Plaintiff, | : | CLASS ACTION |
| | : | |
| vs. | : | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| | : | |
| CHEMICAL AND MINING COMPANY OF CHILE INC., et al., | : | EXHIBIT A-1 |
| | : | |
| Defendants. | : | |
| | : | |
| ———————————————— x | | |

TO:    **ALL PERSONS WHO PURCHASED CHEMICAL AND MINING COMPANY OF CHILE INC., A/K/A SOCIEDAD QUÍMICA Y MINERA DE CHILE S.A. ("SQM" OR THE "COMPANY") AMERICAN DEPOSITARY SHARES ("ADSs") DURING THE PERIOD BETWEEN JUNE 30, 2010 THROUGH AND INCLUDING MARCH 18, 2015, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS**

THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2021**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").  The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff The Council of the Borough of South Tyneside Acting in its Capacity as the Administering Authority of the Tyne and Wear Pension Fund and Defendant SQM; the proposed $62,500,000 settlement reached therein (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and the Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to the Defendant or the merits of the claims or defenses asserted by or against the Defendant.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before _____, 2021.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendant or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendant and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without |

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated December 11, 2020 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.SQMSecuritiesSettlement.com.

| | limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2021.** |
|---|---|
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2021. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2021** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2021.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendant or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## <u>SUMMARY OF THIS NOTICE</u>

**Statement of Class Recovery**

      Pursuant to the Settlement described herein, a $62.5 million Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of SQM ADSs eligible to recover under the Settlement, the average distribution per ADS under the Plan of Allocation is approximately $1.04 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Class Member's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

      The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per security, if any, that would be recoverable if the Class prevailed on each claim alleged. SQM denies that it is liable to the Class and denies that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendant engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendant has valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of SQM ADSs was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of SQM ADSs was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of SQM ADSs at various times during the Class Period;

(6) the extent to which external factors influenced the price of SQM ADSs at various times during the Class Period; (7) the extent to which the various statements that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the price of SQM ADSs at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the price of SQM ADSs at various times during the Class Period.

## Statement of Attorneys' Fees and Expenses Sought

Since the Litigation's inception, Lead Counsel has expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and has advanced the expenses of the Litigation in the expectation that if it was successful in obtaining a recovery for the Class, it would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed seventeen and one-half percent (17.5%) of the Settlement Amount, plus expenses not to exceed $1,400,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per SQM ADS will be approximately $0.21. In addition, Lead Plaintiff may seek payment for its time and expenses incurred in representing the Class. Any such award will be paid from the Settlement Fund.

## Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at _____, or visit the website www.SQMSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class:  Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

## Please Do Not Call the Court or Defendant with Questions About the Settlement.

## Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendant, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendant has concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased SQM ADSs during the period from June 30, 2010 through and including March 18, 2015 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *Villella v. Chemical and Mining Company of Chile Inc.*, No. 1:15-cv-02106-ER-GWG.  The case has been assigned to the Honorable Edgardo Ramos. The entity representing the Class is the "Lead Plaintiff," and the company it sued and which has now settled is called the Defendant.

| 2. | What is this lawsuit about? |
|---|---|

The Litigation is currently pending before the Honorable Edgardo Ramos in the United States District Court for the Southern District of New York (the "Court").  The initial complaint in this action was filed on March 19, 2015.  On October 14, 2015, the Court appointed Lead Plaintiff and Lead Counsel.

Lead Plaintiff's Corrected Consolidated Complaint for Violation of the Securities Laws (the "Complaint"), filed on February 9, 2016, alleges that Defendant violated §10(b) of the Securities Exchange Act of 1934.  More specifically, Lead Plaintiff alleges that throughout the Class Period (June 30, 2010 through March 18, 2015), Defendant made materially false and misleading statements and/or failed to disclose adverse information regarding the Company's business and operations, which caused the price of the Company's American Depository Shares ("ADSs") to trade at artificially inflated prices, until the market learned of the false and misleading statements or omissions, and the Company's ADS price significantly declined.  Defendant contends that it did not violate §10(b) of the Securities Exchange Act of 1934.  Specifically, Defendant denies, *inter alia*, that the alleged fraudulent statements caused any damages to Class Members, including Lead Plaintiff.

On March 30, 2016, SQM moved to dismiss the Complaint.  Lead Plaintiff opposed the motion on May 26, 2016, and SQM filed its reply on June 29, 2016.  On March 28, 2017, the Court issued its Opinion and Order, granting in part and denying in part SQM's motion to dismiss.  SQM answered the Complaint on April 25, 2017.  On January 10, 2018, Lead Plaintiff moved for class certification.  SQM took document and deposition discovery of Lead Plaintiff and Lead Plaintiff's investment manager responsible for Lead Plaintiff's investment in SQM.  On December 12, 2018, SQM filed its opposition to the class certification motion.  SQM simultaneously filed a motion to exclude Lead Plaintiff's expert.  Lead Plaintiff filed its opposition to the motion to exclude and its reply to the class certification motion on January 25, 2019.  SQM filed its reply to its motion to

4812-9779-1186.v4

exclude Lead Plaintiff's expert on February 15, 2019.  On September 23, 2019, the Court certified the Class and denied SQM's motion to exclude.

The Settling Parties have conducted extensive fact and expert discovery, including depositions, the production and review of documents, and exchange of expert reports.

On April 16, 2020, the Settling Parties filed motions for summary judgment and motions to exclude experts at trial.  On June 19, 2020, the Settling Parties filed their responses to the various motions, and filed their reply briefs on August 3, 2020.  The motions remained pending at the time this Settlement was reached.

On April 19, 2018, the Settling Parties participated in a voluntary confidential mediation with the Hon. Layn R. Phillips (Ret.), an experienced mediator.  The mediation was preceded by submission of mediation statements by the Settling Parties.  The Settling Parties engaged in good faith negotiations, but did not reach a settlement, and litigation continued.  On October 9, 2020, Defendant and Lead Plaintiff participated in another mediation session with Judge Phillips.  Prior to this session, the Settling Parties provided to Judge Phillips and exchanged supplemental mediation materials.  The Settling Parties engaged in arm's-length negotiations during the mediation session, and were unable to reach an agreement, but continued settlement discussions through Judge Phillips.  On November 11, 2020, the Settling Parties reached an agreement-in-principle to resolve the Litigation, and executed a term sheet memorializing their agreement.  The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $62,500,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.

Throughout this Litigation, Defendant has denied, and continues to deny, causing any damages and any liability under § 10(b) of the Securities Exchange Act of 1934.  Among other things, Defendant expressly has denied, and continues to deny, that the price of SQM ADSs was artificially inflated as a result of any materially false or misleading statement or omission, that any Class Member, including Lead Plaintiff, has suffered any damages, or that any Class Member, including Lead Plaintiff, was harmed by any conduct alleged in the Litigation or that could have been alleged therein.  Defendant maintains that it has meritorious defenses to the §10(b) claim alleged in the Litigation.

Neither the Settlement nor any of the terms of the Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any liability or damage whatsoever or any infirmity in the defenses that Defendant has, or could have, asserted.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANT IS LIABLE TO LEAD PLAINTIFF OR TO THE CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS LITIGATION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

4812-9779-1186.v4

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendant or of the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the burden, expense, and uncertainty of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired SQM ADSs traded on the New York Stock Exchange during the period from June 30, 2010, through and including March 18, 2015, except those Persons and entities that are excluded.

Excluded from the Class are: (i) SQM; (ii) any entity in which SQM has a controlling interest; (iii) the officers and directors of SQM; (iv) the legal representatives, heirs, successors or assigns of any such excluded party; and (v) any person who sold the entirety of their position in SQM ADS before January 11, 2015. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendant has agreed to pay (or cause to be paid) $62.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

4812-9779-1186.v4

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.SQMSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2021.**  The Proof of Claim form may be submitted online at www.SQMSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2021, at _____ .m.,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendant or its Related Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including "Unknown Claims," as defined below), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature based on, arising out of, or in connection with both: (i) the purchase of SQM ADSs during the Class Period; and (ii) the allegations, transactions, acts, facts, matters, occurrences, disclosures, filings, representations, statements, omissions, or events that were or could have been alleged or asserted in the Litigation.  "Released Claims" does not

include claims to enforce the Settlement, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.

- "Released Defendant's Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Lead Plaintiff's Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendant in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" or "Released Persons" means each and all of the Defendant, Defendant's counsel, and any of their Related Parties.

- "Related Parties" means Defendant's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendant's Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Lead Plaintiff's Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendant's Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his**

**or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendant's Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendant's Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendant and the other Released Persons, on your own, about the claims being

- 9 -

released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself – or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | **How do I get out of the Class and the proposed Settlement?** |
|-----|---------------------------------------------------------------|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *SQM Securities Settlement*."  Your letter must include your purchases of SQM ADSs during the Class Period, including the dates, the number of SQM ADSs purchased, and price paid for each such purchase or acquisition.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than _____, 2021** to:

*SQM Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
One McInnis Parkway, Suite 250
San Rafael, CA 94903

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendant and the other Released Persons about the Released Claims in the future.

| 12. | **If I do not exclude myself, can I sue the Defendant and the other Released Persons for the same thing later?** |
|-----|----------------------------------------------------------------------------------------------------------------|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendant and the other Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2021.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|-----|-----------------------------------------------------------------------|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendant and the other Released Persons.

- 10 -

## THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.   These lawyers are called Lead Counsel.   If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed seventeen and one-half percent (17.5%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,400,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.   In addition, Lead Plaintiff may seek up to $20,000 for its time and expenses incurred in representing the Class.   Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application.   You can write to the Court setting out your comment or objection.   The Court will consider your views.   To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *SQM Securities Settlement*.   Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of SQM ADSs you purchased and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal support for such objection.   Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.   You must also include copies of documents demonstrating such purchase(s) and/or sale(s).   Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than _____, 2021:**

4812-9779-1186.v4

| COURT | LEAD COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY  10007 | ROBBINS GELLER RUDMAN  & DOWD LLP ELLEN GUSIKOFF STEWART 655 West Broadway, Suite 1900 San Diego, CA  92101 | MILBANK LLP GRANT R. MAINLAND 55 Hudson Yards New York, NY  10001 |

---

**17.     What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against any of the Released Defendant Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

---

**18.     When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at **___ _.m., on _____, 2021**, in the Courtroom of the Honorable Edgardo Ramos, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY  10007.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Lead Plaintiff.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  In addition, the recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SQMSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any**

- 12 -

**changes to the date and time of the hearing or updates regarding in-person, telephonic or video conference appearances at the hearing, will be posted to the Settlement website, www.SQMSecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the phone number for accessing the telephonic conference or the website for accessing the video conference will be posted to the Settlement website, www.SQMSecuritiesSettlement.com.** If you want to attend the hearing, either in person or telephonically, if permitted, you should check with Lead Counsel or the Settlement website, www.SQMSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *SQM Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received* no later than _____, 2021**, and addressed to the Clerk of Court, Lead Counsel, and Defendant's counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and its Related Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at _____.   Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.SQMSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $62,500,000.00 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.SQMSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Net Settlement Fund proceeds equitably among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation is intended to compensate Class Members who purchased SQM ADSs during the period June 30, 2010 through March 18, 2015, inclusive ("Class Period").

- 14 -

For purposes of determining the amount an Authorized Claimant may recover under the Plan, Lead Counsel conferred with its damages consultant and the Plan reflects an assessment of the daily per ADS artificial inflation amounts which allegedly were proximately caused by Defendant's alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendant's alleged misrepresentations and omissions, Lead Plaintiff's damages consultant considered price changes in SQM ADSs in reaction to certain public announcements regarding SQM in which such misrepresentations and material omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market forces, the allegations in the Complaint, and the evidence developed in support thereof.

In order to have recoverable damages in connection with purchases of SQM ADSs during the Class Period, disclosure(s) of the allegedly misrepresented or omitted information must be the cause of the decline in the price of SQM ADSs.  In this case, Lead Plaintiff alleges that Defendant made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of SQM ADSs.  Lead Plaintiff also alleges that, as a result of the alleged corrective disclosures, artificial inflation was removed from the price of SQM ADSs between: March 11 through March 18, 2015.

In order to have a "Recognized Loss Amount" under the Plan of Allocation, SQM ADSs must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one corrective disclosure.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's "Recognized Loss," as described below. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Loss of all Authorized Claimants – *i.e.*, the Authorized Claimant's *pro rata* share of the Net Settlement Fund.

For each Class Period purchase of SQM ADSs that is properly documented, a "Recognized Loss" will be calculated according to the formulas described below. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

Estimated damages and the Plan of Allocation were developed based on an event study analysis, which determines how much artificial inflation was in the ADS price on each day during the Class Period by measuring how much the ADS price allegedly was inflated as a result of alleged misrepresentations and omissions and allegedly declined as a result of disclosures that corrected the alleged misrepresentations and omissions. Because the alleged corrective disclosures reduced the artificial inflation in stages over the course of the Class Period, the alleged damages suffered by any particular Authorized Claimant depends on when that Authorized Claimant purchased and sold ADSs, or retained ADSs beyond the end of the Class Period.

Table 1 provides the per ADS amount of alleged artificial inflation in SQM ADSs during the Class Period for specified periods. Each Authorized Claimant's Recognized Losses, if any, will be computed as follows:

- 15 -

1.      For each of the SQM ADSs purchased or otherwise acquired from June 30, 2010 through 11:20 a.m. eastern time on March 18, 2015,[2] and:

(a)      Sold prior to the close of trading on March 10, 2015, the Recognized Loss Amount will be $0.00;

(b)      Sold from March 11, 2015 through 11:20 a.m. eastern time on March 18, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price;

(c)      Sold after 11:20 a.m. eastern time on March 18, 2015 through the close of trading on June 15, 2015, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, and (iii) the purchase price minus the average closing price between March 18, 2015 and the date of sale as stated in Table 2 at the end of this Notice; and

(d)      Held as of the close of trading on June 15, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 2 below), and (ii) the purchase price minus $20.00, the average closing price for SQM ADSs between March 18, 2015 and June 15, 2015 (the last entry on Table 2).[3]

2.      For each of the publicly traded SQM ADSs purchased or otherwise acquired after 11:20 a.m. eastern time on 18 March 2015 through the close of trading on 18 March 2015, the Recognized Loss Amount will be $0.00.

3.      If an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in the publicly traded SQM ADSs during the Class Period, the value of the Authorized Claimant's Recognized Claim will be zero. If an Authorized Claimant suffered an overall market loss with respect to his, her, or its overall transactions in SQM ADSs during the Class Period but that market loss was less than the Authorized Claimant's total Recognized Claim calculated above, then the Authorized Claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether an Authorized Claimant had a market gain with respect to his, her, or its overall transactions in SQM ADSs during the Class Period or suffered a market loss, the

---

[2]      "Potash Corp says quit SQM board over handling of allegations," by Rod Nickel, *Reuters News*, 18 March 2018, 11:20 a.m.

[3]      Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of SQM ADSs during the 90-day look-back period. The mean (average) closing price for SQM ADSs during this 90-day look-back period was $20.00.

Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]  This difference will be deemed an Authorized Claimant's market gain or loss with respect to his, her, or its overall transactions in SQM ADSs during the Class Period.

### TABLE 1
### Decline in Inflation by Date of Purchase and Date of Sale

| | Date of Sale | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Purchase | 30 June 2010 through 10 March 2015 | 11 March 2015 | 12 March 2015 | 13 March 2015 | 16 March 2015 | 17 March 2015 through 11:20 a.m. on 18 March 2015 | After 11:20 a.m. on 18 March 2015 or Retained Beyond 18 March 2015 |
| 30 June 2010 through 10 March 2015 | $0.00 | $0.35 | $0.86 | $1.06 | $1.21 | $1.63 | $5.32 |
| 11 March 2015 | | $0.00 | $0.51 | $0.71 | $0.86 | $1.28 | $4.97 |
| 12 March 2015 | | | $0.00 | $0.20 | $0.35 | $0.77 | $4.46 |
| 13 March 2015 | | | | $0.00 | $0.15 | $0.57 | $4.26 |
| 16 March 2015 | | | | | $0.00 | $0.42 | $4.11 |
| 17 March 2015 through 11:20 a.m. on 18 March 2015 | | | | | | $0.00 | $3.69 |
| After 11:20 a.m. on 18 March 2015 | | | | | | | $0.00 |

---

[4]     The "Total Purchase Amount" is the total amount the Authorized Claimant paid (excluding commissions and other charges) for SQM ADSs purchased or acquired during the Class Period.

[5]     The Claims Administrator will match any sales of SQM ADSs during the Class Period first against the Authorized Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of SQM ADSs sold during the Class Period will be the "Total Sales Proceeds."

[6]     The Claims Administrator will ascribe a value of $20.00 per share for SQM ADSs purchased or acquired during the Class Period and still held as of the close of trading on 15 June 2015 (the "Holding Value").

**TABLE 2**
**SQM ADS Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between 18 March 2015 and Date Shown | Date | Closing Price | Average Closing Price Between 18 March 2015 and Date Shown |
|---|---|---|---|---|---|
| 3/18/2015 | $18.65 | $18.65 | 5/1/2015 | $22.50 | $19.77 |
| 3/19/2015 | $17.87 | $18.26 | 5/4/2015 | $21.71 | $19.83 |
| 3/20/2015 | $18.86 | $18.46 | 5/5/2015 | $21.65 | $19.88 |
| 3/23/2015 | $19.30 | $18.67 | 5/6/2015 | $21.60 | $19.93 |
| 3/24/2015 | $19.78 | $18.89 | 5/7/2015 | $21.38 | $19.97 |
| 3/25/2015 | $19.23 | $18.95 | 5/8/2015 | $21.45 | $20.01 |
| 3/26/2015 | $18.67 | $18.91 | 5/11/2015 | $21.39 | $20.05 |
| 3/27/2015 | $17.95 | $18.79 | 5/12/2015 | $21.27 | $20.08 |
| 3/30/2015 | $18.24 | $18.73 | 5/13/2015 | $21.40 | $20.11 |
| 3/31/2015 | $18.25 | $18.68 | 5/14/2015 | $21.34 | $20.14 |
| 4/1/2015 | $18.43 | $18.66 | 5/15/2015 | $21.49 | $20.17 |
| 4/2/2015 | $18.82 | $18.67 | 5/18/2015 | $21.18 | $20.20 |
| 4/6/2015 | $18.89 | $18.69 | 5/19/2015 | $21.30 | $20.22 |
| 4/7/2015 | $19.00 | $18.71 | 5/20/2015 | $20.47 | $20.23 |
| 4/8/2015 | $19.20 | $18.74 | 5/21/2015 | $20.52 | $20.23 |
| 4/9/2015 | $19.15 | $18.77 | 5/22/2015 | $20.51 | $20.24 |
| 4/10/2015 | $19.01 | $18.78 | 5/26/2015 | $20.11 | $20.24 |
| 4/13/2015 | $19.86 | $18.84 | 5/27/2015 | $19.95 | $20.23 |
| 4/14/2015 | $19.20 | $18.86 | 5/28/2015 | $19.50 | $20.22 |
| 4/15/2015 | $20.20 | $18.93 | 5/29/2015 | $19.53 | $20.20 |
| 4/16/2015 | $21.14 | $19.03 | 6/1/2015 | $18.98 | $20.18 |
| 4/17/2015 | $20.56 | $19.10 | 6/2/2015 | $19.07 | $20.16 |
| 4/20/2015 | $19.67 | $19.13 | 6/3/2015 | $19.26 | $20.14 |
| 4/21/2015 | $19.75 | $19.15 | 6/4/2015 | $19.02 | $20.12 |
| 4/22/2015 | $19.90 | $19.18 | 6/5/2015 | $19.07 | $20.10 |
| 4/23/2015 | $21.74 | $19.28 | 6/8/2015 | $19.00 | $20.08 |
| 4/24/2015 | $21.94 | $19.38 | 6/9/2015 | $18.98 | $20.06 |
| 4/27/2015 | $21.59 | $19.46 | 6/10/2015 | $19.15 | $20.05 |
| 4/28/2015 | $21.63 | $19.53 | 6/11/2015 | $19.05 | $20.03 |
| 4/29/2015 | $21.81 | $19.61 | 6/12/2015 | $19.01 | $20.02 |
| 4/30/2015 | $21.84 | $19.68 | 6/15/2015 | $18.91 | $20.00 |

If a Class Member held SQM ADSs at the beginning of the Class Period or made multiple purchases or sales of SQM ADSs during or after the Class Period, the starting point for calculating an Authorized Claimant's Recognized Loss is to match the Authorized Claimant's holdings and purchases to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, SQM ADSs sold during the Class Period will be matched, in chronological order, first against the respective ADSs held at the beginning of the Class Period. The remaining sales of SQM ADSs during the Class Period will then be matched, in chronological order, against the SQM ADSs or acquired during the Class Period.[7]

---

[7]         Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent

- 18 -

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all SQM ADSs during the Class Period are subtracted from all losses. However, the proceeds from sales of ADSs that have been matched against the SQM ADSs held at the beginning of the Class Period will not be used in the calculation of such net loss.

Purchases and sales of SQM ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, inheritance or operation of law of SQM ADSs during the Class Period shall not be deemed a purchase or sale of SQM ADSs for the calculation of Recognized Loss, unless (i) the donor or decedent purchased such SQM ADSs during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such SQM ADSs; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Losses of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution calculates to $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

---

with the requirements of the statute, a Recognized Loss for SQM ADSs is reduced to an appropriate extent by taking into account the closing prices of SQM ADSs during the 90-day look-back period. The mean (average) closing price for SQM ADSs during this 90-day look-back period was $20.00 per ADS as shown in Table 1.

4812-9779-1186.v4

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendant, its respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other Person designated by Lead Counsel, or any of the Released Defendant Parties based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired SQM ADSs during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*SQM Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Providence, RI  02940-3360
www.SQMSecuritiesSettlement.com

DATED: _____    _____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- 20 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————— x

MEGAN VILLELLA, Individually and on           :    Civil Action No. 1:15-cv-02106-ER-GWG
Behalf of All Others Similarly Situated,      :    (Consolidated)
                                              :
                          Plaintiff,          :    CLASS ACTION
                                              :
          vs.                                 :    PROOF OF CLAIM AND RELEASE
                                              :
CHEMICAL AND MINING COMPANY OF                :    EXHIBIT A-2
CHILE INC., et al.,                           :
                                              :
                          Defendants.         :
                                              :
——————————————————— x

4813-8042-9522.v3

## I.       GENERAL INSTRUCTIONS

1.        To recover as a Member of the Class based on your claims in the action entitled *Villella v. Chemical and Mining Company of Chile Inc.*, No. 1:15-cv-02106-ER-GWG (S.D.N.Y.) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.        Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.        **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS**:

> *SQM Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43360
> Providence, RI  02940-3360

> Online Submissions:  www.SQMSecuritiesSettlement.com

4.        If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), or if you requested exclusion from the Class, DO NOT submit a Proof of Claim or direct a third party to file one on your behalf.

5.        If you did not timely request exclusion and are a Class Member, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

- 1 -

4813-8042-9522.v3

## II.     CLAIMANT IDENTIFICATION

If you purchased Chemical and Mining Company Inc., a/k/a Sociedad Química y Minera de Chile S.A. ("SQM") American Depositary Shares ("ADSs") and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased SQM ADSs and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the SQM ADSs, that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE SQM ADSs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees or others acting in a representative capacity on behalf of a Class Member must complete and sign this claim on behalf of persons represented by them, and submit evidence of their current authority to act on behalf of that Class Member, including that your titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in SQM American Depositary Shares" to supply all required details of your transaction(s) in SQM ADSs.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of SQM ADSs which took place during the period June 30, 2010 through and including June 15, 2015, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the SQM ADSs you held at the close of trading on June 29, 2010, March 18, 2015, and June 15, 2015.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of SQM ADSs.  The date of a "short sale" is deemed to be the date of sale of SQM ADSs.

For each transaction, copies of broker confirmations or other documentation of your transactions in SQM ADSs should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.   This is different from the online submission process that is available at www.SQMSecuritiesSettlement.com.  All claimants *must* submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Villella v. Chemical and Mining Company of Chile Inc.*

No. 1:15-cv-02106-ER-GWG

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Received No Later Than:**

**_____, 2021**

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                            State or Province

_____        _____

Zip Code or Postal Code                Country

_____    _____    Individual
                                                  _____    Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____    _____

Area Code            Telephone Number (work)

_____    _____

Area Code            Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:     SCHEDULE OF TRANSACTIONS IN SQM AMERICAN DEPOSITARY

SHARES

A.     Number of SQM ADSs held at the close of trading on June 29, 2010: _____

B.     Purchases of SQM ADSs (June 30, 2010 – June 15, 2015, inclusive):

| Trade Date Month Day Year | Number of ADSs Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:**     (i)     If any purchase listed covered a "short sale," please mark Yes.   ☐ Yes

(ii)     If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

☐☐/☐☐/☐☐☐☐
MM DD  YYYY  _____
                          Merger Shares                    Company

C.     Sales of SQM ADSs (June 30, 2010 – June 15, 2015, inclusive):

| Trade Date Month Day Year | Number of ADSs Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.     Number of SQM ADSs held at the close of trading on March 18, 2015: _____

E.     Number of SQM ADSs held at the close of trading on June 15, 2015: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

On behalf of myself (ourselves) and each of my (our) heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other SQM securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of SQM ADSs during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASE

1.      Upon the Effective Date of the Settlement, I (we) acknowledge full and complete satisfaction of, and fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Defendant Parties," defined as each and all of the Defendant, Defendant's counsel, and any of their Related Parties.  "Related Parties" means Defendant's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners,

- 6 -

principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

2.     "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including "Unknown Claims," as defined in ¶V.3. below) and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, based on, arising out of, or in connection with both: (i) the purchase of SQMs ADSs during the Class Period; and (ii) the allegations, transactions, acts, facts, matters, occurrences, disclosures, filings, representations, statements, omissions, or events that were or could have been alleged or asserted in the Litigation. "Released Claims" does not include claims to enforce the Settlement, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.

3.     "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not

to object to this Settlement or seek exclusion from the Class; and (b) any and all Released

Defendant's Claims that any of the Released Defendant Parties do not know or suspect to exist in

his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Lead Plaintiff's

Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release

of Lead Plaintiff, the Class and Lead Plaintiff's Counsel.  With respect to (a) any and all Released

Claims against the Released Defendant Parties, and (b) any and all Released Defendant's Claims

against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, the Settling Parties stipulate and agree

that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff

Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall

have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which

provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released

Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly

waived any and all provisions, rights, and benefits conferred by any law of any state or territory of

the United States, or principle of common law, which is similar, comparable, or equivalent to

California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties

acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or

different from those which he, she, it or their counsel now knows or believes to be true with respect

to the subject matter of the Released Claims or Released Defendant's Claims, but (a) the Releasing

Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge,

extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived,

- 8 -

compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendant's Claims against Lead Plaintiff, the Class and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in SQM ADSs which are the subject of this claim, which occurred during the Class Period, as well as the opening and closing positions in such ADSs held by me (us) on the dates requested in this claim form.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____, in _____,
                                        (Month/Year)                                (City)

_____.
            (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer, Executor
or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

4813-8042-9522.v3

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*SQM Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43360
Providence, RI  02940-3360
www.SQMSecuritiesSettlement.com

- 11 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ──────────────────── x | | |
| MEGAN VILLELLA, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:15-cv-02106-ER-GWG (Consolidated) |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| CHEMICAL AND MINING COMPANY OF CHILE INC., et al., | : : : | EXHIBIT A-3 |
| Defendants. | : : | |
| ──────────────────── x | | |

TO:   **ALL PERSONS WHO PURCHASED CHEMICAL AND MINING COMPANY OF CHILE INC., A/K/A SOCIEDAD QUÍMICA Y MINERA DE CHILE S.A. ("SQM") AMERICAN DEPOSITARY SHARES ("ADSs") DURING THE PERIOD BETWEEN JUNE 30, 2010 AND MARCH 18, 2015, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2021, at __:__ _.m., before the Honorable Edgardo Ramos at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, 10007 to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned Litigation as set forth in the Stipulation of Settlement ("Stipulation")[1] for $62,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (4) to pay Lead Plaintiff for its costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable and adequate.

The recent outbreak of the Coronavirus (COVID-19) is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or videoconference, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may

---

[1]      The Stipulation can be viewed and/or obtained at www.SQMSecuritiesSettlement.com.

participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SQMSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic or videoconference appearances at the hearing, will also be posted to the Settlement website, www.SQMSecuritiesSettlement.com.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or videoconference, the phone number for accessing the telephonic conference or the website for accessing the videoconference will be posted to the Settlement website, www.SQMSecuritiesSettlement.com.

IF YOU PURCHASED SQM ADSs FROM JUNE 30, 2010 THROUGH MARCH 18, 2015, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2021)** or electronically **(no later than _____, 2021)**.  Your failure to submit your Proof of Claim by _____, 2021 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation.  If you purchased SQM ADSs from June 30, 2010 through March 18, 2015, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other

- 2 -

things, contains definitions for the defined terms used in this Summary Notice) and other Settlement

documents, online at www.SQMSecuritiesSettlement.com, or by writing to:

*SQM Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43360
Providence, RI  02940-3360

Inquiries should NOT be directed to SQM, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead

Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A

REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2021**,

IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL CLASS MEMBERS

WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY

PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE

SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD PLAINTIFF'S

COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 17.5% OF THE

$62,500,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,400,000,

AND/OR THE PAYMENT TO LEAD PLAINTIFF FOR ITS COSTS AND EXPENSES NOT TO

EXCEED $20,000.   ANY OBJECTIONS MUST BE FILED WITH THE COURT AND

RECEIVED BY LEAD COUNSEL AND SQM'S COUNSEL **BY _____, 2021** IN THE

MANNER AND FORM EXPLAINED IN THE NOTICE.

4839-3902-1010.v3

DATED: _____     BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF NEW YORK

4839-3902-1010.v3