UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MEGAN VILLELLA, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:15-cv-02106-ER-GWG (Consolidated) |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : | [PROPOSED] FINAL JUDGMENT |
| CHEMICAL AND MINING COMPANY OF CHILE INC., et al., | : : : : | |
| Defendants. | : : : | |

On the 2nd day of April, 2021, a hearing having been held before this Court to determine: (1) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement dated December 11, 2020 (the "Stipulation") is fair, reasonable, and adequate to the Class and should be approved by the Court; (2) whether a Judgment, as provided in ¶1.11 of the Stipulation, should be entered; (3) whether the proposed Plan of Allocation should be approved; (4) whether and in what amount to award Lead Counsel fees and costs, charges, and expenses; and (5) whether and in what amount to award Lead Plaintiff its costs and expenses in representing the Class; the Court having considered all matters submitted to it at the hearing and otherwise; it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired SQM ADSs between June 30, 2010 and March 18, 2015, inclusive, as shown by the records compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray; the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges and expenses requested by Lead Counsel and the request for Lead Plaintiff's costs and expenses; and all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, of which there are none.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

   (a) in light of the benefits to the Class and the complexity and expense of further litigation, said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

   (b) Lead Plaintiff and Lead Counsel have adequately represented the Class;

   (c) there was no collusion in connection with the Stipulation;

   (d) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

   (e) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f) the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendant to have adequately evaluated and considered their positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6. The releases as set forth in ¶¶4.1-4.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.31 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

7. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Parties execute and deliver the Proof of Claim and Release form or shares in the Net Settlement Fund. Lead Plaintiff and each Releasing Plaintiff Party are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled,

released, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

8. Upon the Effective Date, and as provided in the Stipulation, each of the Releasing Plaintiff Parties and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendant's Claims (including Unknown Claims) against the Lead Plaintiff, each and all of the Class Members, and Lead Plaintiff's Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the requirements of due process, and any other applicable law. No Class Member is relieved from the terms of the Settlement,

including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses, and an award of costs and expenses to Lead Plaintiff.

12. Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any attorneys' fee and expense applications, including any award to Lead Plaintiff, shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

13. Neither this Judgment, the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any liability, negligence, fault, or other wrongdoing of the Defendant or its Related Parties, or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of Defendant or its Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendant and/or its Related Parties may file the Stipulation and/or this Judgment from this Litigation in any other

action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.  The Court finds that Defendant has satisfied its financial obligations under the Stipulation by paying or causing to be paid $62,500,000.00 to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

15.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendant, Lead Plaintiff, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Members of the Class.

16.  The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 as to any complaint, responsive pleading, dispositive motion, or other filing.

17.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendant, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of November 11, 2020, as provided in the Stipulation.

18. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. This Litigation and all Released Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Judgment.

21. There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: April 26, 2021

THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE